Edgar J. Nathan, Jr., J.
Motion by plaintiff for examination before trial and cross motion by defendant for summary judgment.
The action arises out of an incident in which an employee of defendant was injured and received a workmen’s compensation award therefor in the sum of $19.58 per week for a time, which amount defendant paid as a qualified self-insurer. Defendant’s employee, in additon, commenced a third-party action against the New York Central Railroad, which, under a previous contractual arrangement, defendant was obligated to indemnify and defend in the event of the commencement of such lawsuits by defendant’s employees.
Plaintiff herein is defendant’s insurer under a policy whereby plaintiff is to pay on defendant’s behalf all sums (within the policy’s monetary limitations) defendant becomes obligated to pay as damages by reason of certain legal liability assumed under contract. The policy also provides that when a third-party action is instituted by an “ injured employee * * * and a claim is made * * * by the third party * * * against the insured by reason of (an indemnification agreement) * * * the company’s liability shall be limited to the excess over the amount the injured employee has collected, is or has been awarded, under the Workmen’s Compensation Statute.”
In view of this insurance agreement, plaintiff defended the third-party action and it resulted in a settlement in the amount of $14,800, which plaintiff presumably promptly paid.
By reason of the payments made to defendant’s employee, defendant had a lien against the proceeds of the settlement, *958 which on consent was fixed at $3,600. This amount was turned over to the defendant, who in turn turned it over to the plaintiff. Thereafter a hearing was held at the Workmen’s Compensation Board at which time the case was marked “closed ”.
Plaintiff now contends that it is entitled to the full amount paid in settlement, not just the amount of the compensation lien.
It bases its contention on the language incorporated in subdivision 2 of section 29 of the Workmen’s Compensation Law to the effect that “when the compensation awarded requires periodical payments the number of which cannot be determined at the time of such award, the board shall, when the injury or death was caused by the negligence or wrong of another not in the same employ, estimate the probable total amount thereof upon the basis of the survivorship annuitants table of mortality, the remarriage tables of the Dutch Boyal Insurance Institution and such facts as it may deem pertinent, and such estimate shall be deemed the amount of the compensation awarded in such case, for the purpose of computing the amount of such excess recovery ”, Plaintiff further contends that under this formula the monetary value of the compensation awarded to defendant’s employee would be estimated at $21,559.89, which would make defendant’s compensation liability greater than the recovery in the third-party action, creating a deficiency rather than an excess recoverable under the policy.
It is apparent that plaintiff’s contentions are based on two erroneous presumptions that are not borne out by the facts, to wit, that defendant’s employee’s injuries are permanent and that an award of periodical payments has been made herein “the number of which cannot be determined at the time of such award” (Workmen’s Compensation Law, § 29, subd. 2).
The extent of the injuries here involved and the approximate award therefor were questions exclusively for determination by the Workmen’s Compensation Board (Workmen’s Compensation Law, § 20; see Matter of Gillar v. Jarcho Bros., 282 App. Div. 968). Inspection of the Workmen’s Compensation Board’s notice of decision submitted on this motion indicates a final decision in the matter had been made and that there is no award outstanding. In the place reserved in the afore-mentioned notice for award, nothing appears. In the place reserved for decision, the case is marked “ closed ”. Were periodical payments of indeterminate length awarded, it is obvious from the notice that it would have been clearly set forth therein and the case would have been marked “ continued
Plaintiff here has misconstrued a statutory formula for allocation of the recovery in third-party actions in cases of injury *959 of indeterminate length to he applicable to all eases, even those of determinate length, There is currently no award outstanding which might make the defendant liable as a self-insurer to make any additional payments to its employee. (See Workmen’s Compensation Law, § -29, subd. 4.) The clear intent of the insurance contract was to reimburse the insured for any excess over the workmen’s compensation award for which it was liable. Were plaintiff’s position herein upheld, such coverage would in most cases be meaningless.
Defendant’s cross motion for summary judgment is granted and the complaint is dismissed. The main motion is accordingly denied as academic. Settle order.